# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2517 | **DATE** | 4/16/2012 |
| **CASE TITLE** | LaShun C. McNeal (#2011-0922105) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $7.60 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case will be dismissed on the understanding that he does not wish to proceed in federal court at this time.

■[For further details see text below.]                                                     Docketing to mail notices.

## STATEMENT

Plaintiff, LaShun C. McNeal, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.60. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff appears to bring three distinct claims in his complaint. First, Plaintiff alleges that the conditions of his confinement at Cook County Jail "are not sufficient to adequate living." These conditions include being housed in a cell without a functioning toilet and not receiving clean linens or having adequate heat in another cell. Plaintiff also alleges that he was denied medical assistance from December 15, 2011, through March 1, 2012. Lastly, Plaintiff alleges that he was assaulted by another detainee on March 1, 2012. Plaintiff left the tier and was taken for medical treatment after the assault. Plaintiff was taken to the hospital and returned the next day. When he returned, his personal belongings were missing. Plaintiff has sought information about his personal belongings and his desire that criminal charge be brought against the detainee who assaulted him to no avail.

Plaintiff must submit an amended complaint, as the document on file fails to state a claim against a named defendant and it contains misjoined claims.

Plaintiff names the Cook County Department of Corrections as the sole Defendant. The Cook County Department of Corrections is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Thus, Plaintiff must name the individual(s) personally involved in the alleged unconstitutional conduct.

| STATEMENT |
|---|

In addition, Plaintiff's general claim of not receiving proper medical care from December 15, 2011, through March 1, 2012, does not state a claim for relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Plaintiff's general allegation covering almost a four-month time span fails to provide sufficient notice to any defendant of the claim(s) and basis of such claim(s) against them.

Furthermore, Plaintiff's complaint includes misjoined claims. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this . . . suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In the case at bar, Plaintiff has submitted a complaint challenging three separate issues over different time periods.

The issue of multiple claims in the same suit is further highlighted in this case because it is unclear whether Plaintiff fully exhausted his administrative remedies as to each of the three claims he raises.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, plaintiff's failure to exhaust appears on the face of the complaint and is supported by his exhibits.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the *prison's* administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added); *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

Here, Plaintiff alleges that he was denied medical care through March 1, 2012, and that he was assaulted by another detainee on March 1, 2012. Plaintiff signed his complaint on March 13, 2012, less than two weeks later. It does not appear that Plaintiff could have fully exhausted his administrative remedies as to at least some of his claims. Plaintiff must allow sufficient time for the grievance procedure to be completed and cannot initiate his suit during the time frames allowed by the grievance procedure. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

Thus, Plaintiff should assure that if he chooses to proceed on a claim in this lawsuit, that he has fully exhausted his administrative remedies as to that claim prior to the time he filed this suit.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies) . As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

If Plaintiff does not timely comply with this order, this case will be dismissed on the understanding that Plaintiff does not wish to proceed in federal court at this time.